## TEXAS CONSOL. THEATRES, Inc., v. PITTILLO et al.

### No. 2711.

Court of Civil Appeals of Texas. Waco.
June 5, 1947.

Rehearing Denied Sept. 11, 1947.

Van Holloman, of Dallas, and Witt, Terrell, Jones & Riley, of Waco, for Texas Consol. Theatres, Inc.

D. M. Wilson, City Atty., and Roy Rutland, Asst. City Atty., both of Waco, for City of Waco and Board of Adjustment.

Conway & Scharff, of Waco, for appellees.

HALE, Justice.

This proceeding arose under the provisions of a comprehensive zoning ordinance duly adopted by the City of Waco pursuant to an act of the 40th Legislature, ch. 283, being Arts. 1011a to 1011j, inclusive, of Vernon's Tex.Civ.Stats. The controlling question presented on the appeal is whether the board of adjustment provided for in the ordinance was thereby legally authorized in the exercise of its discretionary powers to permit the operation of an automobile parking lot within a first residential district of the City.

By the terms of the ordinance the territorial area within the corporate limits of the City of Waco was divided into seven districts, viz.: First, second and third residential, respectively, community store, commercial, manufacturing and unrestricted. The detailed and cumulative purposes for which the premises in each district might be used, except in the seventh, were minutely set forth in the ordinance and it was therein expressly ordained that such premises should not be used for any other purpose. Among the 55 specified uses permitted in a first residential district were the following: Family residence, church, school, library, private club, telephone facilities, name plate, fire and police station, public park museum, art gallery, etc., and accessory buildings customarily incident to such uses. Any use permitted in a first residential district was also authorized in a second residential district and in addition thereto numerous cumulative uses were permitted therein, such as hotel, apartment house, boarding house, hospital, beauty shop, etc. Any use permitted in a first or second residential district was also authorized in a third residential district, together with some 40 additional uses, such as commercial bill-board, public service station, tourist camp, gasoline filling station, etc. The use of premises for a moving picture theatre, or as an automobile parking lot incident thereto, was not expressly permitted in a first, second or third residential district, but such use was authorized in a community store district. The building inspector of the City was charged with the enforcement of the ordinance and a board of adjustment was therein created with power to hear and decide appeals from any order of the building inspector, to hear and decide special exceptions to the terms of the ordinance upon which the board might be required to act, and to authorize in special cases "such variance from the terms of this ordinance as will not be contrary to the public interest, where, owing to special conditions, a literal enforcement of the provisions of this ordinance will result in unnecessary hardship, and so that the spirit of this ordinance shall be observed and substantial justice done."

Appellant, Texas Consolidated Theatres, Inc., owns and operates a moving picture show situated at the northwest intersection of North 25th Street with Grimm Avenue in the City of Waco. The city block upon which its theatre building was erected is bounded on the east by North 25th St., on the south by Grimm Ave., on the west by North 26th St., and on the north by Cole Ave. According to the zoning ordinance, the premises lying between Grimm and Cole and fronting on North 25th St. to a depth of 100 feet is zoned as a community store district and the remainder of the premises in that block is zoned as a first residential district. The theatre building fronts on North 25th St. a width of 73 ft. and extends back along the north margin of Grimm Ave. for a distance of 150 ft. Appellant also owns all of the premises in said block except that which is zoned as a community store district. It duly applied to the building inspector of the City for permission to operate a free automobile parking lot to the rear of its theatre on that portion of its premises which was zoned in a first residential district and its application was refused. It then appealed from the order of the building inspector to the board of adjustment where its application was granted. Thereupon a writ of certiorari to review the action of the board was timely sued out in the District Court by appellees upon extensive allegations that the board was without legal authority to grant such permit. Upon a hearing the court below concluded that the board did not have jurisdiction and legal authority to grant the

permit and rendered judgment accordingly, reversing and setting aside the order of the board so made. Appellant says the trial court thereby erred.

Under the provisions of Arts. 1011a to 1011j, inclusive, of Vernon's Tex.Civ. Stats., the legislative body of any city is expressly empowered to divide its territorial area into districts, to regulate and restrict the use of buildings or land situated in each district, and to appoint a zoning commission and a board of adjustment, each to be vested with certain duties and prerogatives, all as therein outlined. The delegation of such functions to the legislative body of a city is a permissible grant of the police powers inherent in the State. The validity of this act and of various zoning ordinances adopted by cities in pursuance thereof, has been repeatedly upheld by our courts. Lombardo v. City of Dallas, 124 Tex. 1, 73 S.W.2d 475; Luse v. City of Dallas, Tex.Civ.App., 131 S.W.2d 1079, error refused; City of Corpus Christi v. Jones, Tex.Civ.App., 144 S.W.2d 388, Error dismissed, judgment correct.

It also seems to be settled that where a board of adjustment is legally authorized under the terms of a city ordinance, in the exercise of its discretionary powers, to grant or deny in a particular instance an exception to or a variance from the general terms thereof, the court should not substitute its discretion in a certiorari proceeding for the discretionary powers so vested in such board. City of San Angelo v. Boehme Bakery, 144 Tex. 281, 190 S.W. 2d 67.

Appellees are home owners in the City of Waco. Their respective homes are situated within a first residential district in close proximity to the premises which appellant desires to use as an automobile parking lot. They objected to appellant's application before the board of adjustment upon the ground that the proposed use of its premises as a parking lot would greatly depreciate the value of their properties and would render the same useless as family residences. However, after an extensive hearing, the board found the existence of numerous evidentiary facts which, in our opinion, amply justify the ultimate conclusion that the denial of appellant's application would result in substantial detriment to appellant and the granting thereof would not in fact be contrary to the public safety or interest but would, by reason of prevailing traffic conditions, be subservient thereto. Hence, the precise inquiry before us narrows down to the sole question of law as to whether or not the board was legally authorized, under all the terms and provisions of the ordinance here involved, to grant the relief sought by appellant. In passing upon this question we must bear in mind that the board of adjustment is not a legislative body. Its functions are administrative, fact-finding and quasi-judicial in nature. It is not and cannot be legally vested with a valid exercise of legislative power on behalf of the City of Waco.

The ordinance under consideration, covering 13 typewritten pages in the transcript, is too voluminous to be here set forth in full. Although it purports to vest in the board of adjustment the power to decide special exceptions and to authorize variances from the literal terms thereof to the end that substantial justice may be done, it does not set up any standard by which that worthy end may be accomplished other than the general provisions thereof to the effect that such variances must not be contrary to the public interest and must be in keeping with the spirit of the ordinance as a whole. It does not expressly authorize the board, in the exercise of its discretionary powers, to grant permission for the operation of a moving picture show or of an automobile parking lot as an incident thereto within a first residential district. In our opinion, it was not the intention of the governing body of the City of Waco, in adopting the ordinance, to delegate the exercise of that power to the board. But, if such was the intention of that body, then we think the provisions contained in the ordinance for the accomplishment of that intended purpose were invalid, in that they were too general, vague and indefinite as a standard or guide for the exercise of executive or semi-judicial functions with respect thereto and consequently such provisions, if so construed, merely evidenced a futile and void effort on the part of the governing body of the City of Waco to delegate the exercise of legislative pow-

ers to its board of adjustment, contrary to substantive law. Art. I, Sec. 28 of Tex. Const., Vernon's Ann.St., Walsh v. Dallas Railway & Terminal Co., 140 Tex. 385, 167 S.W.2d 1018, Pt. 6 and authorities; Spann v. City of Dallas, 111 Tex. 350, 235 S.W. 513, 19 A.L.R. 1387; Welton v. Hamilton, 344 Ill. 82, 176 N.E. 333.

We do not think the board of adjustment was required under the terms of the ordinance as written to act upon appellant's application in so far as it might have invoked the power of the board to grant it a special exception to the terms thereof. Moreover, if the board, in the exercise of its discretionary powers either to grant a special exception or to authorize a variance, was legally empowered to permit, as an entering wedge, the use of more than one-half of a city block in a first residential district for a purpose prohibited in first, second and third residential districts, then we see no valid reason why it would not also be empowered upon successive applications to permit the use of one or more blocks in any zoned district for any lawful purpose, provided only that it be satisfied from the evidence presented at each successive hearing that the refusal of such application would result in "unnecessary hardship" and the granting thereof would not in fact be contrary to the "public interest". [Manifestly, the continued exercise of such powers would eventually enable the board, like the slow but certain passing of the particles of sand from one end of an hour-glass to the other, to override and reverse completely both the spirit and the letter of the entire ordinance other than the provisions thereof under which the board was created and its powers defined.] We cannot assume such absurd result was the intention of the Legislature in passing the zoning statutes, or of the legislative body of the City of Waco in adopting its ordinance.

Without further statement or discussion it must suffice to say that after careful consideration of the Waco ordinance in its entirety, we have concluded that the board of adjustment therein provided for was not legally authorized by the terms thereof to grant appellant's application. City of Amarillo v. Stapf, 129 Tex. 81, 101 S.W.2d 229; Harrington v. Board of Adjustment of City of Alamo Heights, Tex.Civ.App., 124 S.W.2d 401, error refused; Driskell v. Board of Adjustment of City of Ft. Worth, Tex.Civ.App., 195 S.W.2d 594, error refused; Nicolai v. Board of Adjustment, 55 Ariz. 283, 101 P.2d 199; Walton v. Tracy Loan & Trust Co., 97 Utah 249, 92 P.2d 724; Lee v. Board of Adjustment, 226 N.C. 107, 37 S.E.2d 128.

Therefore, the judgment of the trial court is affirmed.