**MONTGOMERY et al. v. CITY OF DALLAS et al.**

No. 2999.

Court of Civil Appeals of Texas. Waco.

Feb. 1, 1952.

Rehearing Denied Feb. 14, 1952.

Hassell & Hassell, Dallas, for appellants.

H. P. Kucera, City Atty., H. Louis Nichols, Asst. City Atty., Dallas, for appellees.

HALE, Justice.

This appeal arose out of a certiorari proceeding instituted by appellants to review an order of the Board of Adjustment of the City of Dallas denying their application for a permit to construct a garage and sign on premises being used by them as a lumber yard. The use of appellants' property for business purposes was a non-conforming use under the existing ordinances of the City of Dallas, but such ordinances had become applicable to the property at a time subsequent to its employment as a lumber yard, the property having been annexed to the City after it had been devoted to such use. Appellants alleged in their trial petition that the construction of the garage and sign, for which they had sought a permit, was reasonably necessary and essential to the operation of their business, and that the action of the Board in refusing their application was arbitrary, capricious and an illegal exercise of power. They prayed for a mandatory order directing the City to issue the permit sought by them.

The case was tried before the court below without a jury and resulted in judgment affirming the action of the Board of Adjustment and denying any relief to appellants. At the request of appellants, the trial court filed findings of fact and conclusions of law. The court expressly found that the Board of Adjustment afforded appellants ample opportunity to present evidence to support their application for a building permit; that the Board heard and considered the evidence presented by appel-

lants and by other persons objecting to the granting of the permit and upon such hearing and consideration denied the application; and that the evidence adduced upon the trial of the case does not show that the Board acted arbitrarily, fraudulently or capriciously in denying the application. The court concluded as follows: "I conclude that the Board of Adjustment of the City of Dallas had legal authority to grant the permit and application filed by plaintiffs, but conclude that this court has no authority to disturb the findings of that administrative body on the record as made in this case, since such findings and decision is supported by evidence, and, therefore, I affirm the decision of the Board of Adjustment of the City of Dallas and deny plaintiffs any relief."

As we understand the brief of appellants, they contend in substance that the trial court erred in denying them any relief against the order of the Board because: (1) there is no presumption in support of the validity of the order of the Board; (2) the proof introduced upon the trial showed no substantial evidence before the Board in support of its ruling; and (3) the trial court found that the building permit sought by appellants should have been granted by the Board. We cannot agree with these contentions for reasons which we shall note briefly.

■■ The Board of Adjustment of the City of Dallas, in denying the application of appellants for the permit here sought, was acting as a quasi judicial body. Washington v. City of Dallas, Tex.Civ.App., 159 S.W.2d 579, pt. 3 and authorities. Hence, we think its action should be presumed by the courts to be valid and correct and that, in order to have such action set aside, the burden rested upon appellants to show by competent evidence in court that the decision of the Board was arbitrary, capricious or an illegal exercise of power, as alleged by them. McQuillan on Municipal Corporations, 3rd Ed. Vol. 8, Secs. 25.327 and 25.328; Driskell v. Board of Adjustment, Tex.Civ.App., 195 S.W.2d 594, pts. 6-8, er. ref. n. r. e. and authorities.

■ However, in this case it is not necessary to indulge in any presumption with respect to the sufficiency or insufficiency of the evidence to support the action of the Board in refusing the application sought. As expressly found by the trial court, the evidence admitted at the trial shows that appellants were given ample opportunity to present all the evidence they wished to present before the Board in support of their application; that certain evidence was presented before the Board by various witnesses, both for and against the application; and that the Board, after hearing and considering all the evidence presented, denied the application. We agree with the express finding of the trial court to the effect that the evidence adduced on the trial of the case does not show that the Board acted arbitrarily, fraudulently or capriciously in denying the application.

After the trial court had filed his findings of fact and conclusions of law as above set forth, appellants requested additional findings on numerous evidentiary matters. In response to such request the court filed extensive additional findings, not inconsistent with his original findings of fact, and concluded as follows: "I conclude from the evidence adduced upon this trial that the permit to build the garage in question herein should have been granted and could have been granted by the Board of Adjustment of the City of Dallas. I further conclude that there was some evidence upon which the Board of Adjustment of the City of Dallas could have denied the application in question and that this court is without authority to set aside the ruling of said Board."

In our opinion, the decision of the Supreme Court in the case of the City of San Angelo v. Boehme Bakery, 144 Tex. 281, 190 S.W.2d 67, 70, is controlling and conclusive in its application to the record before us in this case. After considering all of the findings and conclusions of the trial court in the Boehme case, the Supreme Court said: "Considering these findings and conclusions together, we think they add up to this: The trial judge, had he been the board, would have granted the application, but, viewing the whole record, including the evidence heard and the verified

return of the board, it could not be held that the board had abused its discretion." Such seems to be the precise situation in the case at bar. Evidently the trial judge, had he been the Board in this case, would have granted the application in so far as it related to the construction of a garage, but, viewing the whole record, the trial court could not hold that the Board had abused its discretion in denying the application and hence he concluded that he was without legal authority to set aside the ruling of the Board.

Since the Board did not abuse its discretion in refusing the permit here sought, it is wholly immaterial as to what the trial judge would have done or might have done with the application of appellants had he been acting as the Board of Adjustment. The court could not properly substitute its discretion for that which was legally vested in the Board. Texas Consolidated Theatres v. Pittillo, Tex.Civ.App., 204 S.W.2d 396, pt. 2.

Accordingly, all of appellants' points of error are overruled and the judgment appealed from is affirmed.

LESTER, C. J., took no part in the consideration and disposition of this case.