ROWTON v. ALAGOOD et al.

No. 3024.

Court of Civil Appeals of Texas. Waco.

May 22, 1952.

Rehearing Denied June 26, 1952.

Richey, Sheehy & Teeling, Waco, for appellant.

Sleeper, Boynton, Darden & Burleson, Wright, Tex.Civ.App., 280 S.W. 276, point torney, Waco, for appellees.

TIREY, Justice.

This is a zoning case. The City of Waco, in 1947, adopted a new comprehensive zoning ordinance under the provisions of Arts. 1011a to 1011j, inclusive, Vernon's Ann.Civ.Stats. In January, 1951, the Building Inspector of the City of Waco, acting upon the advice of the City Attorney, granted the request of Arthur Alagood for a designation of the property located at 3601 Bosque Blvd. as a valid, subsisting, non-conforming use, and further advised Alagood to the effect that he would issue a building permit to effect minor repairs to the property provided the repairs did not violate the zoning laws of the City of Waco. W. R. Holt and V. D. Rowton seasonably notified the Board of Adjustment of the City of Waco that they were dissatisfied with such decision and asked that the Board review and reverse the decision and declare said premises as being in the second residential district without non-conforming use under the zoning ordinance. The Board took jurisdiction of the matter and set it for hearing on March 28, 1950, at which time all the members were present, and there appeared attorneys for W. R. Holt and V. D. Rowton, and attorneys for Alagood, as well as attorneys for the City of Waco, at which hearing a court reporter made a stenographic report of the proceedings before said Board. The Board "affirmed the decision of the Building Inspector designating the structure and premises located at 3601 Bosque Blvd. as a valid and subsisting non-conforming use, and affirmed the decision of the Building Inspector to grant a permit to Arthur Alagood to repair the building located at 3601 Bosque Blvd. in accordance with the building code and the zoning laws of the City of Waco." Rowton, by virtue of a writ of certiorari, brought these proceedings to the 74th Judicial District Court for review. Holt did not join therein. The district court affirmed the decision of the Board and Rowton perfected his appeal to this court.

Appellant assails the judgment of the trial court on five grounds: One is to the effect that the evidence is uncontradicted that at the time W. R. Holt purchased the property it was being used for residential purposes and thereafter he made an effort to use the building for commercial purposes and was refused; that he permanently abandoned any intent to use the property other than for residential purposes; and that since the owner abandoned it for residential purposes the decision of the City Building Inspector and the Board to the effect that non-conforming use still existed was illegal and should be set aside. (2) There was no authority in the zoning ordinance for the Building Inspector to render a general decision to the effect that the property in question was entitled to be designated as a valid, subsisting, non-conforming use. (3) This ordinance does not authorize a change in non-conforming use and since the record shows that Alagood proposed to use the property for a flower shop, and since the property had never been used for a flower shop, the evidence showing that the previous non-conforming use was a cafe or

grocery store, the designation by the Building Inspector of the property as a valid, non-conforming use so as to permit the alteration or use of such property for a flower shop was unauthorized. (4) Since the record showed without dispute that before Rowton purchased his property across the street (and built his home), he inquired of W. R. Holt, the then owner of the Alagood property, as to the use and intended uses of such property, and Holt represented that the property was for residential use only and could not be used for commercial purposes, and since Rowton purchased the property across the street for a home, W. R. Holt and those claiming under him are now estopped to deny that any non-conforming commercial use of the property has been discontinued and abandoned. (5) The trial court erred in rendering his decision solely upon the record of the proceedings before the Board and in denying appellant the right to place his witnesses on the stand and present evidence in the ordinary manner in a trial in the district court.

 There was no request for findings of fact and conclusions of law and none was filed. In the decree we find this statement: "And the court after having heard the pleadings and after considering the original papers acted upon by the Board of Adjustment of the City of Waco, and the verified return of the Board of Adjustment of the City of Waco, and the adoption thereof by the other defendants (respondents) and the written briefs and arguments of counsel for all the parties, and it appearing to the court upon the hearing that testimony was not necessary to a proper disposition of the matter, is of the opinion and it is hereby ordered, adjudged and decreed, that the decision of the Board of Adjustment of the City of Waco * * * be and it is hereby affirmed." The decree of affirmance by the trial court is necessarily based upon the fact that the evidence tendered was sufficient to support the implied finding of the Board to the effect that the non-conforming use had not been abandoned and that the doctrine of estoppel in favor of Rowton was not tendered by the evidence.

We have carefully considered the original papers presented to the Board and the transcript of the proceedings made by the reporter at said hearing, and we are of the opinion that the whole evidence, facts and circumstances are sufficient to support the implied finding of the Board to the effect (a) that there had been no voluntary abandonment of the non-conforming use heretofore made of the property, and (b) that such evidence did not tender the issue of estoppel in behalf of Rowton. It is true that Holt did testify to the effect that after the Building Inspector refused to give him permission to use the property for commercial purposes he abandoned such use and rented it to people to live in. It is also true that subsequent to that time he used the property as a washateria and rented it for the purpose of being used as a church, and we think, under all the evidence, facts and surrounding circumstances, the Board of Adjustment was authorized to find impliedly that it was not Holt's voluntary intention to convert the premises to residential purposes, without deciding whether he was an interested or disinterested witness. See Dunlap v. Wright, Tex.Civ.App., 280 S.W. 276, point 6. Since all the parties interested and their attorneys appeared before the Board and the Board gave them an opportunity to be fully heard, we do not think the trial court abused his discretion in refusing appellant permission to introduce testimony in the trial in the district court. In this connection, we have carefully considered the appellant's bill of exception and qualification placed thereon by the trial court, and we think it shows only that the proferred testimony of W. R. Holt and V. D. Rowton was cumulative of the testimony already before the court. The testimony of Holt on the issue of abandonment was in the record in question and answer form. The testimony of Rowton was put in the record through his counsel and was considered by the court. Moreover, the court's finding in the decree " * * * that testimony was not necessary to a proper disposition of the matter * * *" is in accord with the provisions of the zoning statute. Art. 1011g, supra, is quite com-

prehensive in its provisions for the creation of the Board of Adjustment. It provides the rules and regulations for procedure and designates its powers and provides for appeals. In the seventh paragraph under Section 3, we find this provision: "If, upon the hearing, it shall appear to the court that testimony is necessary for the proper disposition of the matter, it may take evidence or appoint a referee to take such evidence as it may direct and report the same to the court with his findings of fact and conclusions of law, which shall constitute a part of the proceedings upon which the determination of the court shall be made." We have not found any decision in Texas dealing directly with the trial court's failure to hear testimony, but in view of the factual situation here presented and the provisions of the statute, we think the trial court's action in refusing to hear testimony is in accord with the legal inference that may be drawn from the case of City of San Angelo v. Bochme Bakery, 144 Tex. 281, 190 S.W.2d 67, points 6–7 and 8–9. See also Driskell v. Board of Adjustment, Tex. Civ.App., 195 S.W.2d 594, points p. 599, 600 (writ ref. n.r.e.).

Our Supreme Court, in the City of San Angelo v. Boehme Bakery, supra [144 Tex. 281, 190 S.W.2d 70], has announced the general rule to be followed by our district courts in reviewing the proceedings of a Board of Adjustment applicable to the zoning ordinances passed pursuant to the above statutes. The rule there stated is: " * * * the statute contemplates that the trial court, in passing on the legality of the order of the board, shall consider its verified return along with the evidence introduced, and from a consideration of the whole determine whether or not the board abused its discretion. The court is not to put itself in the position of the board and substitute its discretion for that of the board. In giving the power to take evidence it was clearly not intended to authorize the court to exercise that power just as if it were the board itself."

Under the record here made, the trial court could not put itself in the position of the Board and substitute its discretion for that of the Board. Since the trial court affirmed the decision of the Board, it necessarily held as a matter of law that such Board had not abused its discretion in this matter. We are in accord with the view of the trial court. Needless to say, the holding of our Supreme Court in the Boehme case, supra, is binding upon us and we have consistently followed it. See Texas Consolidated Theatres v. Pittillo, Tex.Civ.App., 204 S.W.2d 396, pt. 2; Montgomery v. City of Dallas, Tex.Civ.App., 245 S.W.2d 753.

Appellee's first counter point is:
"The evidence sustains the finding of the Board of Adjustment and the affirmance thereof by the trial court that there had been no abandonment of the non-conforming use of the premises located at 3601 Bosque Boulevard."

We are in accord with this view and we think it is necessarily conclusive of this cause. Our view of the entire proceedings is that it was a question of fact as to whether or not Holt had made an abandonment of the non-conforming use which the property had acquired, and since the Board impliedly found that there was no abandonment, there being evidence to sustain such finding, it could not be set aside by the trial court. Appellees say that since the zoning ordinance of the City of Waco is silent on the question of abandoning a non-conforming use, that the parties here must look to the common-law rules as announced by our courts in order to determine whether there has been an abandonment of the non-conforming use of the premises in question. We are in accord with this view. In Landay v. MacWilliams, 173 Md. 460, 196 A. 293, 297, 114 A.L.R. 984–988, we find this statement: "Abandonment in law depends upon the concurrence of two, and only two, factors; one an intention to abandon or relinquish; and two, some overt act, or some failure to act, which carries the implication that the owner neither claims nor retains any interest in the subject-matter of the abandonment." We think the foregoing rule is applicable to the factual situation here and that the trial court's de-

cision is in accord therewith. See 58 A.J., sec. 153, pp. 1024 and 1025. We find there is authority in the zoning ordinance for the Building Inspector to designate the property in question as a valid and subsisting non-conforming use and to issue a permit for the repair thereof. Therefore, the action of the Board and of the trial court in affirming same was proper.

Because of the views expressed, each of appellant's points is overruled. It follows that the judgment of the trial court is in all things affirmed.

LESTER, C. J., took no part in the consideration and disposition of this case.