The plaintiff in his official capacity as building inspector of the town of Milford appeals from the decision of the defendant board in granting a variance to the defendant Old Colony Company.
The following facts appear in the record brought before the court for review. On July 20, 1954, J. Mitchell Floyd and Audrey R. Floyd applied to the plaintiff as building inspector for a permit to use approximately two acres of land owned by them and located in a residence A zone for commercial parking purposes. The proposed use is to be in conjunction with adjoining land located in a light industrial zone and owned by another, whereon a shopping center at a cost of a million dollars is contemplated. The proposed use in a residence A zone is prohibited by the zoning regulations of the town. The plaintiff denied the request for a permit and the applicants applied to the defendant board for the granting of a variance. On August 5, 1954, a public hearing was held on this application. Attorney William D. Harlow appeared for the applicants and stated to the board the position of his clients. No one else appeared in favor of the application, and there was no opposition thereto. In executive session the board tabled the application until its next regular meeting.
On August 23, 1954, the defendant Old Colony Company, acting through the same attorney who had previously represented the Floyds, made a similar application to the plaintiff for the issuance of *Page 351 
a like permit. The plaintiff again denied the request for a permit and the new applicant applied in turn to the board for the granting of a variance. On September 2, 1954, a public hearing was held on this application. Attorney Harlow explained to the board that the new applicant, the defendant Old Colony Company, had purchased the land in question from the Floyds since the public hearing before it in the preceding month, and was now the party in interest. Again there was no opposition to the application. In executive session the board granted the application. The official reason noted on the record for its action is "Practical Difficulty."
The appeal to the court raises two questions: (1) Is the plaintiff by virtue of his status as building inspector of the town of Milford an aggrieved person within the meaning of the statute as to be entitled to appeal to the court the action of the defendant board in granting the variance in question?; (2) if he is, was the granting of the variance illegal, arbitrary and in abuse of the board's discretion upon the record under review?
As to the first question: General Statutes, Cum. Sup. 1953, § 286c, is the statute which controls appeals to the court. So far as is material, it provides: "Any person or persons ... aggrieved by any decision of said board, or any officer, department, board or bureau of any municipality, charged with the enforcement of any order, requirement or decision of said board, may, within fifteen days from the date when such decision shall have been rendered, take an appeal [to the court].... The authority issuing the citation in such appeal shall take from the appellant, unless such appellant be an official of the municipality, a bond or recognizance to said board, with surety, to prosecute such appeal to effect...." While no case has been found directly in point, the discussion in Rommell v. Walsh, *Page 352 127 Conn. 16, 24, and in Keating v. Patterson, 132 Conn. 210,212, footnote, in the light of the statutory provisions, is deemed sufficiently authoritative to cloak the plaintiff with the requisite status of a person aggrieved. A section in the zoning regulations of the town specifies that he shall enforce them in his official role as building inspector. And the statute expressly sanctions an appeal by "any officer, department, board or bureau of any municipality" and waives the filing of an appeal bond by "an official of the municipality" in the prosecution of an appeal. The plaintiff meets the statutory requirement of one entitled to appeal to the court.
As to the second question: The record is barren of any "practical difficulty" confronting the new owner of the land in question within the meaning of cases of this character. See Paul v. Board ofZoning Appeals, 142 Conn. 40, 43, and cases cited, with particular reference to the Milford case ofHeady v. Zoning Board of Appeals, 139 Conn. 463,466, in which the identical section of the regulations regarding the granting of variances by the particular defendant board is considered. So also the Texas case of Texas Consolidated Theatres v. Pittillo,204 S.W.2d 396, because of its factual similarity, could be examined with profit and applied with devastating result to the action of the defendant board in the granting of the variance in question.Plumb v. Board of Zoning Appeals, 141 Conn. 595, a case relied upon by the defendants, is to be distinguished. In that case the record brought before the court for review contained subordinate facts far broader in scope than those to be found in the meager record in the case at bar. Stated more directly, the record here under review is devoid of anything warranting a legal conclusion of practical difficulty as to justify the granting of the requested variance. The suggestion in the record that the town would *Page 353 
derive more money from taxation if the variance were granted is not tenable even if correct. Such a consideration does not enter into the propriety of the granting of a variance in any form.
 Further discussion is not required. A view of the premises by the court has not changed the situation regarding the second question. Judgment may enter sustaining the appeal and reversing the complained action of the defendant board.