Aaron M. BRENNER et al., Appellants,

v.

Howard T. DALY et al., Appellees.

No. 5416.

Court of Civil Appeals of Texas.

El Paso.

June 8, 1960.

Rehearing Denied July 20, 1960.

Potash, Cameron, Potash & Bernat, Don Studdard, Travis White, City Atty., Bert Williams and Robert J. Galvan, Asst. City Attys., El Paso, for appellants.

Collins, Langford & Pine, El Paso, for appellees.

PER CURIAM.

This suit was by certiorari, brought by Howard T. Daly and others, to review a decision of the Zoning Board of Adjustment of the City of El Paso, granting to ·Aaron M. Brenner, under the zoning ordinance, a permit to build an apartment house on property adjoining a commercial district. Upon a verdict on special issues the district court rendered judgment for appellees. The appellants thereupon perfected their appeal to this court.

The court submitted two issues to the jury, the first issue inquiring whether or not the Board had considered the public convenience and welfare of any of the inhabitants of the City of El Paso, and the second issue asking, in effect, how many members of the Board voted in favor of this exception. The first issue was answered negatively, and the answer to the second issue was that two, and only two, members of the Board had voted for the exception.

This being an appeal from an order or decision of an administrative agency or board brings the controversy under what is known as the "substantial evidence rule." Under such situation, it becomes the duty of the trial court, and of this court, to ascertain whether or not there was substantial evidence to support the decision or order rendered by the Board in question.

We have examined the statement of facts, along with the rest of the record in the case and find that, as was presented in the trial court, the Board held two hearings on this matter, at which a number estimated at from ten to fifteen of the surrounding residents were present. The record also reveals that notices were sent to residents of the adjacent areas so that they could be present at the hearings. Also present was the applicant, Brenner, and a Mr. Paul Lance, who is an engineer, and one or two associates or employees of his. *It is not contested that all parties had ample opportunity to present their arguments, pro and con, or that any person likely to be affected was not notified.* In addition, four members of the Board all testified that everyone had a chance to present his points. Mr. Garcia, for example, testified that they considered all the evidence before them, and that they considered the general welfare of the neighborhood. Mr. Stanley testified that he considered the general welfare of the area out there, in reaching his decision, and that he considered "very much", as he put it, possible injury to property values. Mr. Elliott,

the chairman, testified that they listened to the testimony from the surrounding property owners. He further testified as follows:

"We only consider the general welfare of the existing properties and the future developments in the neighborhood. That is what the Ordinance says, as I heard it read a minute ago."

Mr. Mingel and Mr. Patterson and the applicant, Brenner, all testified before the Board, more or less as experts, as to the effect of building the proposed apartment building. It was also brought out that there is a commercial, or business, establishment and zone directly across the alley from the site of the proposed apartment house. The Board, in this particular matter, had been asked by applicant Brenner to make an exception to the zoning rule of that area, to permit him to build an apartment house. The Board made several suggestions or requirements, all of which, according to the evidence, Mr. Brenner met in his amended specifications. The record then shows that the Board made an exception in favor of Mr. Brenner, which granted him the right to build the apartment house.

There can be no doubt in our minds but what there was substantial evidence to support the action of the Board. This being true, their action can only be reversed or canceled by proof of an abuse of discretion on their part. We think that no such abuse was shown by the evidence here and that, as a matter of law, the Board did not abuse its discretion. These Boards, or administrative bodies, are set up for very special purposes, and it is not the prerogative of any court to substitute its judgment for that of the Board and to hand down a decision that it thinks the Board should have handed down. The courts can only inquire into the substantial evidence feature and then determine whether there has been an abuse of discretion, as, for example, the court, in Gulf, C. & S. F. Ry. Co. v. White, Tex.Civ. App., 281 S.W.2d 441, 452 (n. r. e.), said as follows:

"Where certiorari is invoked to review the action of a Board of Adjustment, their findings on the facts are conclusive, if sustainable under any reasonable view of the record as a whole." Montgomery v. City of Dallas, Tex.Civ.App., 245 S.W.2d 753 (n. r. e.); Moody v. City of University Park, Tex. Civ.App., 278 S.W.2d 912 (n. r. e.); Southern Canal Co. v. State Board of Water Engineers, Tex., 318 S.W.2d 619; Rowton v. Alagood, Tex.Civ.App., 250 S.W.2d 264; Driskell v. Board of Adjustment, Tex.Civ.App., 195 S.W.2d 594 (n. r. e.).

This type of decision by the courts has been held to be a matter of law; and we find, as a matter of law here, that there was substantial evidence to sustain the finding of the Board; and, further, that the Board did not abuse its discretion in rendering the decision that it did.

The jury found that only two of the five Board members voted on this matter, and that of course, would not be enough to hand down a ruling. Appellees base their contention on the minutes of the meeting. We do not think the minutes were intended to convey any such impression, and if so they are subject to amendment as are the minutes of any meeting. Each of the four members of the Board who voted testified, in open court, that he voted in favor of granting the exception asked for by applicant and appellant, Brenner, with one member—a Mr. Anchondo—abstaining. It is also clear from the record that the motion was duly made by one member, seconded by another, and the other two members voted along with them in favor of granting the application.

Because of these facts, it is obvious that a legal number of the Board voted in favor of the exception being granted. Each of the four so testified, and there is no testimony that the other two did not vote. It is only an attempted interpretation of the minutes that creates this question.

On the basis of what we have already said herein, and the language of the au-

thorities cited, we now approach the problem of disposing of the judgment in this case.

Inasmuch as cases have held this type of proceeding to be a matter of law, testing only the legality of the proceedings before the Board, we find and hold that the trial court was in error in submitting the two issues to the jury.

For the same reason, we must hold that the trial court erred in overruling appellants' motion to withdraw this matter from the jury and render judgment for the appellants.

Further, we find for the same reason that the court was in error in not granting appellants' motion for judgment non obstante veredicto.

Also, it will be noted that, in the judgment itself, the court, after reciting the two issues and the answers thereto, stated as follows:

"The findings were received by the Court and were filed and entered of record in the minutes of such court; and the court finding that the Zoning Board of Adjustment of the City of El Paso did not consider whether the public convenience and welfare of any of the inhabitants of the City of El Paso, Texas, would be substantially served in granting the application of the defendant, Aaron M. Brenner; that only two (2) members of the said Zoning Board of Adjustment voted in favor of granting the application of the defendant, Aaron M. Brenner; and the court further finding that the Zoning Board of Adjustment was without legal authority to enact its order of April 22, 1959, by which it granted the defendant, Aaron M. Brenner, permission to build an apartment on Block I, Military Heights Addition, to the City of El Paso, Texas; that there was no substantial evidence before the said Zoning Board of Adjustment or this court to sustain the said decision of the said Zoning Board of Adjustment; and that the action of said Board was arbitrary and constituted an abuse of discretion; and the court being of the opinion that judgment should be rendered, as follows, for the plaintiffs."

These statements of the court, we feel, require us to make some disposition of any effect they might have; as the court, here, is making his own findings in addition to the answers submitted by the jury on special issues submitted to them. For the reasons set forth above, we must find and hold the trial court was in error in making these above quoted findings. The record sustains appellants' position that there was a great deal of evidence before the Board in the two hearings had on this matter; and, as said before, it is not contested that the interested people were notified and had ample opportunity to, and a number did, express themselves in regard to this question. For whatever effect these findings of the court may have or may have had, we feel that we must mention them and reverse the trial court's action in so doing.

Further, if we should be wrong, and this matter did present a jury question, we further find and hold based on the record as a whole that there was insufficient evidence to warrant submission of Issue 1 to the jury.

We further find and hold that there was insufficient evidence to warrant and sustain the jury's answer thereto.

Also, we find, on the same basis, that there was insufficient evidence to submit Issue 2 to the jury.

We further find and hold that there was insufficient evidence to warrant and sustain the jury's answer thereto.

Summing up, it is our conclusion and holding that, this being a case governed by the "substantial evidence rule", the court was in error in submitting the same to a jury; and further, on the basis of the record, that there was substantial evidence to sustain the Board's finding and action,

and that any finding to the contrary by the court was error; and, secondly, even if this matter was one that could be disposed of by a jury, that here there was insufficient evidence to warrant the submission of either issue, or to justify the jury's answers thereto.

Accordingly, the decision of the trial court is reversed and rendered, affirming the action of the Zoning Board of Adjustment of the City of El Paso.