**W. F. FARAH et al., Appellants,**

v.

**BOARD OF ADJUSTMENT OF the CITY OF EL PASO, Texas, et al., Appellees.**

**No. 5589.**

Court of Civil Appeals of Texas.

El Paso.

Sept. 25, 1963.

Edwards, Belk, Hunter & Kerr, Crawford S. Kerr, Jr., El Paso, for appellants.

Travis White, City Atty., Robert J. Galvan and John C. Ross, Jr., Asst. City Attys., Joe A. Morgan, W. Barton Boling, El Paso, for appellees.

CLAYTON, Justice.

One of the appellees, Woodard & Lee Homes, was the owner of a lot located in a new and exclusive development in the City of El Paso, Texas, upon which lot the company proposed to build a home. The lot was located in a Zone District R–3 under the City's Comprehensive Zoning Ordinance. Under the Dimensional Standards of such a District the following is provided:

"B. *Dimensional Standards*:

"In R–3 districts buildings hereafter erected or structurally altered shall have:

"(1) A front yard of at least twenty-five feet in depth * * *."

The company applied for and received from appellee Board of Adjustment a variance to such restriction allowing the company to build to within fifteen feet of the front property line, a variance of ten feet. Plaintiffs (appellants), adjacent and neighboring property owners, appealed from the ruling of the Board of Adjustment by Writ of Certiorari to the 65th District Court of El Paso County, Texas. The district court sustained defendants' (appellees') motions for judgment, and this appeal is taken from such order.

As we view the matter before us, the only issue is whether or not there was "substantial evidence" before the Board of Adjustment to justify its ruling that granted the

requested variance. The trial court found as a matter of law that there was such evidence, and that the Board had not acted capriciously, had not abused its discretion and such ruling was not arbitrary. This court, in a per curiam opinion, in the case of Brenner v. Daly, Tex.Civ.App., 337 S.W. 2d 226 (1960, Ref., N.R.E.), reciting the following:

"This being an appeal from an order or decision of an administrative agency or board brings the controversy under what is known as the 'substantial evidence rule.' Under such situation, it becomes the duty of the trial court, and of this court, to ascertain whether or not there was substantial evidence to support the decision or order rendered by the Board in question.

\* \* \* \* \* \*

"There can be no doubt in our minds but what there was substantial evidence to support the action of the Board. This being true, their action can only be reversed or canceled by proof of an abuse of discretion on their part. We think that no such abuse was shown by the evidence here and that, as a matter of law, the Board did not abuse its discretion. These Boards, or administrative bodies, are set up for very special purposes, and it is not the prerogative of any court to substitute its judgment for that of the Board and to hand down a decision that it thinks the Board should have handed down. The courts can only inquire into the substantial evidence feature and then determine whether there has been an abuse of discretion, as, for example, the court, in Gulf, C. & S. F. Ry. Co. v. White, Tex.Civ.App., 281 S.W.2d 441, 452 (n. r. e.), said as follows:

" 'Where certiorari is invoked to review the action of a Board of Adjustment, their findings on the facts are conclusive, if sustainable under any reasonable view of the record as a whole.' Montgomery v. City of Dallas, Tex.Civ.App., 245 S.W.2d 753 (n.r.e.); Moody v. City of University Park, Tex.Civ.App., 278 S.W.2d 912 (n.r.e.); Southern Canal Co. v. State Board of Water Engineers, Tex. [159 Tex. 227], 318 S.W.2d 619; Rowton v. Alagood, Tex.Civ.App., 250 S.W.2d 264; Driskell v. Board of Adjustment, Tex. Civ.App., 195 S.W.2d 594 (n.r.e.).

"This type of decision by the courts has been held to be a matter of law; and we find, as a matter of law here, that there was substantial evidence to sustain the finding of the Board; and, further, that the Board did not abuse its discretion in rendering the decision that it did."

A review of the authorities shows the foregoing to be the law in Texas today.

The decision of the Board, in the instant case, was arrived at after two hearings during which a good deal of testimony was heard and the members of the Board visited the proposed site of the applicant's house. Without going into the testimony in detail, suffice it to say that, after a review of the record as a whole, we agree with the findings of the trial court that there was substantial evidence before the Board to support its ruling, and that the Board had not acted capriciously or arbitrarily, nor had it abused its discretion, and we therefore affirm the judgment of the trial court.

Judgment affirmed.