**ZONING BOARD OF ADJUSTMENT OF the CITY OF SAN ANTONIO, Appellant,**

v.

**Don MARSHALL, Appellee.**

No. 14345.

Court of Civil Appeals of Texas.

San Antonio.

Feb. 10, 1965.

Rehearing Denied March 11, 1965.

Sam S. Wolf, City Atty., William R. Ward, Asst. City Atty., San Antonio, for appellant.

Groce, Hebdon, Fahey & Smith, San Antonio, for appellee.

BARROW, Justice.

Don Marshall brought this writ of certiorari pursuant to the terms of Art. 1011g, Vernon's Ann.Civ.Stats., complaining of the Zoning Board of Adjustment of the City of San Antonio, and seeking to reverse the ruling of the Board denying him a building permit to construct a 125′ radio tower on the roof of his building. Both sides filed motions for summary judgment. the trial court overruled the motion of the Board and granted judgment on Marshall's motion requiring the Board to issue him a building permit to construct a radio tower on top of his building.

The motions were based upon the pleadings of the parties, a stipulation of certain facts,[1] the certified record of the proceedings before the Board, and three affidavits filed by Marshall. Marshall owns two lots located at 120 W. Mistletoe, which are in a "B" zone in the City of San Antonio. In 1950, permission was granted to construct a post office building on this property, although an "F" zone is required for same under the City Code. After the post office left the premises, Marshall applied for and on May 3, 1962, was granted permission by the Board to operate a TV sales and repair business at this location. The Board's order did not authorize construction of a radio tower, although its minutes recognized that a dispatcher would be on duty at night with a radio equipped truck.

Marshall remodelled the building, and at the same time constructed a 145′ tower at the rear of it. In June 1963, eighty feet of this tower was blown down with some damage to neighboring property. On July 18, 1963, the Board denied Marshall's application to reconstruct the 145′ tower on the rear of the lot.[2] The appeal by Marshall from the denial of this application is still pending in the District Court of Bexar County.

On July 26, 1963, Marshall filed a new application seeking permission to construct a 125′ radio tower on the roof of his building. The building inspector denied this application. This denial was appealed to the Board, and on August 15, 1963, after a full hearing, the Board denied this new application. After the Board's denial, Marshall brought this action and asserted that the decision of the Board is illegal, arbitrary and capricious, and not based on competent evidence. He further asserted that it imposes an undue hardship on him in that he has no other recourse, and the radio tower would not create a hazard and not be against the public interest.

■ The following legal principles govern this appeal: (1) A legal presumption exists in favor of the Board's order, and the burden of proof to establish its illegality rests upon Marshall; (2) the Court, when considering the legality of the Board's order must not put itself in the position of the Board and substitute its findings for that of the Board, even though the Court concludes that the overwhelming preponderance of the evidence is against the Board's decision; (3) the question on appeal from the Board's order is whether or not there is any substantial evidence affording reasonable support for the findings and order entered by the Board, such being a question of law and not of fact. If the evidence before the Court, as a whole, is such that reasonable minds could have reached the conclusion that the Board

1. The material stipulated facts are incorporated in this opinion.

2. The Board denied Marshall's application to construct a 145′ tower at the rear of his building because "it is against the public interest substantiated by the fact that it would be within 25 feet of each side property line as well as 67 feet from the rear property line and would constitute a hazard in the neighborhood. In the Board's opinion, the owner has the possibility of leasing or renting other towers in the City whereby he would be able to make contact with his trucks to carry out his business thereby offering him some relief."

must have reached in order to justify its action, the Board's action must be sustained. City of San Angelo v. Boehme Bakery, 144 Tex. 281, 190 S.W.2d 67 (1945); Jacobson v. Preston Forest Shopping Center, Inc., Tex.Civ.App., 359 S.W.2d 156, wr. ref., n. r. e.

■ One of the primary questions is whether a variance is required for the erection of the tower on Marshall's building. The City Code prohibits the erection of a building in a "B" zone exceeding 35′ in height, but excludes chimneys, cooling towers, radio towers, etc., in determining the height. The City Code does not authorize commercial type broadcasting in a "B" residence district, and it is our opinion that a variance is required for the granting of the permit to construct a new tower. Marshall urges, however, that a tower is authorized under the variance granted him in 1962, for the use of the building for a TV sales and repair business, in that a radio setup is absolutely essential to this business. He further urges that a tower on his building would not constitute a hazard or be against the public interest.

Marshall filed three affidavits in support of his motion for summary judgment. In his own affidavit, he averred that it was essential to have a radio setup in order to operate his business, and that the cost of renting telephone lines from another tower would be prohibitive. Mr. Rhodes, who is the communication officer for the City of San Antonio, executed an affidavit stating that it was necessary for Marshall to have access to a radio tower in order to operate his business. Both Mr. Rhodes and Mr. Crump, an experienced radio tower installer, expressed the opinion that a radio tower could be safely installed on top of Marshall's building in accordance with existing plans and specifications.

The Board did not file any affidavits in support of its motion, but relies upon the certified minutes of the hearing at which Marshall's permit was denied. The minutes of the Board do not purport to be a report-er's transcript of the proceedings and leave much to be desired as to what testimony was given. It is seen, however, that a number of residential property owners, within 200 feet of Marshall's property, opposed this application and were represented at the hearing by counsel. The minutes consist largely of statements by this attorney and Marshall's attorney as to what testimony was given at the prior Board hearing when the application for construction of the 145′ tower was denied. It was stated that it is feasible and efficient to use another tower, although it would involve "considerable cost." There were also statements concerning the fall of the first tower, and whether or not the proposed tower would constitute a hazard. The Board found that the proposed tower would create a hazard and be against the public interest. It further found that Marshall has other recourse.

■ It is our opinion that the affidavits filed by Marshall do not overcome the presumption of legality of the Board's order. No facts are set forth to support the conclusions that a radio setup is necessary for the operation of a TV rental and repair business, and that it would not be economically feasible to use a tower away from this location. Furthermore, the question of whether or not the tower was authorized under the variance granted in 1962 is properly raised in the appeal from the Board's refusal to permit the reconstruction of the 145′ tower at the rear of Marshall's building, and is not before us on this appeal. The trial court erred in granting Marshall a summary judgment.

■ The Board urges that its motion should be granted in that Marshall has failed, as a matter of law, to show that the Board abused its discretion in refusing to grant a variance for construction of the new tower on the roof of the building. Although the summarized minutes of the proceedings before the Board are not as complete as might be desired, we cannot say from the record as a whole, that the Board

abused its discretion in refusing to grant this variance. Montgomery v. City of Dallas, Tex.Civ.App., 245 S.W.2d 753, wr. ref., n. r. e.; Driskell v. Board of Adjustment, Tex.Civ.App., 195 S.W.2d 594, wr. ref., n. r. e.

The judgment is reversed and here rendered that Marshall take nothing by his appeal from the order of the Board of Adjustment of August 15, 1963.