**Al TURCUIT, Sr. et al., Appellants,**

**v.**

**CITY OF GALVESTON, et al., Appellees.**

**No. 01–83–0047–CV.**

Court of Appeals of Texas, Houston (1st Dist.).

Sept. 22, 1983.

Before DOYLE, WARREN and DUGGAN, JJ.

## OPINION

DOYLE, Justice.

This is an appeal from a judgment upholding the action of the City of Galveston Zoning Board of Adjustment (Board), granting of a request for change of occupancy from one nonconforming use to another.

Appellee, Joe Celli, is the owner of a building located at 627 Winnie Street in Galveston, Texas. That building has been used as either a tavern or restaurant for over forty years. The City of Galveston (City) enacted a zoning ordinance which designated that the area in which the building was located as General Residence (GR)/Commercial (C). Consequently, the building was recognized by the City as a "non-conforming use", i.e., against the surrounding "general residence" zoning district created by the City. The appellants are residents and property owners within 300 feet of the business located at 627 Winnie Street in Galveston, Texas.

On October 1, 1980, the City's Zoning Board of Adjustments granted a request allowing a change of occupancy from one nonconforming use to another, i.e., from a "tavern" to "restaurant". On June 3, 1981, the appellee requested that the Board reverse that change back to "tavern" instead of "restaurant". A hearing was held on February 3, 1982, at which time appellants contended that the building had lost its nonconforming use status because it had been closed for six months. However, the Board granted the change and the appellants filed suit in the district court.

On March 3, the 56th District Court of Galveston County issued a writ of certiorari directing the Board to send to that court certified copies of all the materials concerning the building. On August 19, the district court heard testimony from the appellants that the Board did not have before it all the available evidence at its hearing on Febru-

Oktavia Carstarphen, Houston, for appellants.

Paul Stansell, Galveston, for appellees.

ary 3. The court then ordered that the Board conduct another hearing.

On September 1, the Board held another hearing and voted that the nonconforming use was not discontinued for more than six months, thereby granting the change from "restaurant" back to "tavern". The appellants appealed to the district court which entered judgment affirming the decision of the Board.

By points of error one, two and three of the eight urged, the appellants argue that the Board acted illegally or erred, as a matter of law, in concluding that (1) the nonconforming use had not been discontinued in 1972 and 1973; (2) the nonconforming use had not been discontinued in 1981; and (3) the time of discontinuance in 1981 must be counted from the date of discontinuance of utilities.

Section 25–19 of the zoning ordinance of the City reads in pertinent part:

a. A nonconforming status shall exist under the following provisions of this ordinance:

(1) When a use does not conform to the regulations prescribed in the district in which it is located, and was in existence and lawfully operating prior to June 11, 1968 or any amendment thereto which creates non-conformity, and where there has been *no discontinuance* of the use for a period of time exceeding six (6) months; (emphasis added)

The appellants contend that the nonconforming use of the building at 627 Winnie ceased to exist when the use of the premises as a tavern had discontinued for more than six months in the years 1972 and 1973. In support they refer to one eyewitness' testimony that the building had been closed for a year, the city records indicating a gap of licenses between May 23, 1972 and December 30, 1973, and that the tavern or club was not listed in the yellow pages of the telephone book in 1973.

█ When a party appeals a decision from a zoning board of adjustment's order, the issue on appeal is whether there is any substantial evidence affording reasonable support for findings and order entered by the Board. Such is a question of law, not fact. *Zoning Board of Adjustment of the City of San Antonio v. Marshall,* 387 S.W.2d 714 (Tex.Civ.App.—San Antonio 1965, writ ref. n.r.e.); *Swain v. Board of Adjustment of the City of University Park, Texas,* 433 S.W.2d 727 (Tex.Civ.App.—Dallas 1968, writ ref. n.r.e.) certiorari denied, 396 U.S. 277, 90 S.Ct. 563, 24 L.Ed.2d 465. We agree with the rationale that " . . . if the evidence, when taken as a whole, is such that reasonable minds could have reached the conclusion that the Board must have reached in order to justify its action, then the order must be sustained." *McDonald v. Board of Adjustment, City of San Antonio,* 561 S.W.2d 218 (Tex.Civ.App.—San Antonio 1978, no writ); *Marshall, supra; Swain, supra.* The Board is presumed to have acted legally and the burden of proof to establish illegality rests upon the appellant. *Marshall; McDonald;* and *Swain, supra.*

█ Texas courts have held that discontinuance of a nonconforming use results from the concurrence of the intent to abandon and some overt act or failure to act which carries the implication of abandonment. *McDonald, supra; Marshall, supra.* The court in *Marshall* stated:

The mere cessation of the use for a reasonable period does not of itself work an abandonment, whether the building is permitted to remain vacant or is temporarily devoted to a conforming use with intent that the nonconforming use be resumed when opportunity therefor should arise, and periods of interruption due to lack of demand, inability to get a tenant, and financial difficulty do not change the character of use.

*Id.* at 664. The court in *McDonald, supra,* followed that reasoning in its decision and also agreed with the statement in 62 C.J.S. *Municipal Corporations,* § 226 at 502 (1949) which said:

The word 'discontinued,' as used in a zoning ordinance provision that, if a nonconforming use is discontinued, any new use of the premises shall be in conformity with provisions of the ordinance, connotes

a voluntary act and is synonymous with 'abandonment,' and the discontinuance of a nonconforming use results from the concurrence of the intent to abandon and some overt act or failure to act which carries the implication of abandonment.

Although there was some testimony tending to show that the premises were not used for over a six month period during the years 1972 and 1973, there was also testimony that the tavern or restaurant was not closed for this period. From the testimony presented, the Board had some substantial evidence from which it could determine that there was no abandonment. We overrule the appellants' first three points of error.

■ The remaining points of error urged by the appellants are either have no merit or have no foundation in law. For example, one of the points complains of the unavailability of sales records of the restaurant. The appellants made no effort to discover such records and they did not offer them for the court's examination. Another point belabors the question of whether a change of a nonconforming use from restaurant to tavern constituted a change to a lower classification. Because the court did not so find, the appellants claim error. We find that a restaurant and a tavern are both permitted uses in the commercial district. Under another point of error, the appellants contend that two of the Board members may have had conflicts of interest with the appellants and the court erred in not allowing them to present evidence on this contention. The appellants fail to point out any specific acts or instances of conflict so as to apprise the court of the relevancy of the evidence. The allegations as alleged were vague and indefinite and if proven could have had no bearing on the outcome of this litigation.

In a case such as ours involving a zoning matter, this court is limited in its review to making a determination of the legality of the Board's order. *Swain, supra.* Neither the trial court nor an appellate court may substitute their opinions for those of the board. This court may only determine whether there has been an illegal order or an abuse of discretion. In the absence of such findings, the board's action must be sustained. *Currey v. Kimple,* 577 S.W.2d 508 (Tex.Civ.App.—Texarkana 1979, writ ref'd n.r.e.). All of the remaining points of error are overruled.

The judgment of the trial court is affirmed.